UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY GRANT SHELDON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-307 |
| | ) | |
| v. | ) | Honorable Wendell A. Miles |
| | ) | |
| MICHIGAN PAROLE BOARD, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition is subject to dismissal under Rule 4 because Petitioner's claims lack merit on their face.

**Discussion**

I.  Factual Background

Petitioner, who is incarcerated at the Lakeland Correctional Facility, currently is serving sentences for manslaughter and possession of a firearm during the commission of a felony. The instant petition concerns the denial of Petitioner's parole by the Michigan Parole Board. Petitioner claims that he has been denied parole six times, most recently on March 30, 2005. He presents the following questions for review:

(1) Did the parole board violate their own procedures.

(2) Were the parole board guidelines use [sic] incorrectly for probability of parole.

(3) Did the parole board violate the Michigan Constitution, a statute, an administrative rule, M.D.O.C. regulation, was it an abuse of discretion.

(4) Did the board deny parole to a person who scored a high probability for parole without substantial and compelling reasons to do so.

(5) Did the board deny parole solely on the basis of factors, such as the nature of the offense that were considered when the minimum sentence was imposed.

(6) Did the parole board act in a discriminatory manner in denying parole.

II.  Exhaustion of State Court Remedies

Under recent statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial under state statute. The former version of MICH. COMP. LAWS § 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MICH. COMP. LAWS § 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release

on parole may be appealed by the prosecutor or the victim. *See* MICH. COMP. LAWS § 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(D)(1), (2)(a). However, certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by complaint for an order of mandamus. *See Morales v. Michigan Parole Board*, 676 N.W.2d 221, 229-30 (Mich. App. 2003), *lv. app. denied* 682 N.W.2d 90 (Mich. Ct. 2004).

Consequently, because state statute prohibits a prisoner from appealing a parole denial, Petitioner appears to have no available state court remedy in which to exhaust his claims. Even if he did have a method to challenge the decision, such as a state writ of habeas corpus or mandamus, *see Morales*, 676 N.W.2d at 229-30, the Court may still deny his action on the merits. *See* 28 U.S.C. § 2254(b)(2).

### III.   Merits

The federal courts may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c), 2254(a). Accordingly, a petition states a claim for federal habeas relief only if it alleges that petitioner is in custody in violation of the United States Constitution or laws. *Mabry v. Johnson*, 467 U.S. 504, 507 (1984). The federal courts have no power to intervene on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) ("The federal habeas court does not act as an additional state

appellate court to review a state court's interpretation of its own law or procedure."). Accordingly, Petitioner's claims that the parole board violated a state law, rule or regulation in denying his parole are not cognizable in federal habeas corpus proceedings.

While Petitioner does not specifically allege a violation of his federal rights, his claims suggest that he was denied parole without due process. Petitioner, however, has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL

800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.* 596 N.W.2d 598, 603-04 (Mich. 1999).

Therefore, to the extent that Petitioner presents a procedural due process claim, his claim is without merit. Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Mayrides v. Chaudhry*, No. 01-3369, 2002 WL 1359366 (6th Cir. June 20, 2002) (*citing Block v. Potter*, 631 F.2d 233, 236 n. 2 (3d Cir. 1980)), Petitioner does not specifically allege any such allegations here. Consequently, Petitioner has failed to assert a constitutional claim cognizable in a federal habeas proceeding.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because his claims challenging the denial of his parole are without merit.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.* The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: May 17, 2005                                                /s/ Wendell A. Miles
                                                                   Wendell A. Miles
                                                                   Senior U.S. District Judge